1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| WIXEN MUSIC UK LTD., a UK limited corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>TRANSPARENCE ENTERTAINMENT GROUP INC., a California corporation;   DENNIS DREITH, an individual;  SHARI HOFFMAN, an individual; and TANIA OLIVEIRA, NEE WOODCOCK, an individual; and Does 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-02663 ODW (MRWx)<br><br>STIPULATED PROTECTIVE ORDER<br><br>(MRW VERSION 4/19)<br><br>☐ Check if submitted without material modifications to MRW form |

STIPULATED PROTECTIVE ORDER

1.   <u>INTRODUCTION</u>

    1.1   <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied in this non-sealed civil case when a party or non-party seeks permission from the court to file material under seal.

    1.2   <u>GOOD CAUSE STATEMENT</u>

      (a)   "CONFIDENTIAL" Designations: The parties anticipate that discovery in this matter may involve disclosure of personal phone numbers, personal email addresses, other personal identifying information that would cause harm if made part of the public record, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. In order to protect from the irreparable harm resulting from the disclosure of such material, these types of personal information may be properly designated confidential.

      (b)   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Designations: The parties anticipate there may be documents that are of an extremely

1    sensitive nature that would cause substantial and concrete competitive injury if

2    disclosed to an opposing party in this litigation and that such injury could not be

3    avoided by less restrictive means. The types of documents that might warrant a

4    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Designation, assuming they

5    otherwise meet the above criteria, may include, but are not limited to, customer and

6    pricing lists, other customer information, and other valuable research, development,

7    commercial, financial, technical and/or proprietary information for which special

8    protection from public disclosure and from use for any purpose other than prosecution

9    of this action is warranted.   Such confidential and proprietary materials and

10   information consist of, among other things, confidential business or financial

11   information, information regarding confidential business practices, or other

12   confidential research, development, or commercial information (including

13   information implicating privacy rights of third parties).

14            (c)    Intent of the Parties: A protective order is justified in this matter

15   for the following reasons: to expedite the flow of information, to facilitate the prompt

16   resolution of disputes over confidentiality of discovery materials, to adequately

17   protect information the parties are entitled to keep confidential, to ensure that the

18   parties are permitted reasonable use of such material in preparation for trial, to address

19   the handling of such materials at the end of this litigation, and to serve the ends of

20   justice. It is the intent of the parties that information will not be designated as

21   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for

22   purely tactical reasons. The parties also intend that no materials will be designated

23   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" without

24   a good faith belief that such material has been maintained in a confidential, non-public

25   manner, and that there is good cause why it should not be part of the public record of

26   this case.

27   ///

28

2.    <u>DEFINITIONS</u>

    2.1    <u>Action</u>: *Wixen Music UK Ltd. v. Transparence Entertainment Group Inc., et al.*, Case No. 2:21-cv-02663 ODW (MRWx), pending in the United States District Court for the Central District of California.

    2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3

       (a)    <u>"CONFIDENTIAL" Information or Items</u>:    information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

       (b)    <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information that qualifies as "CONFIDENTIAL" information under 2.3(a) above, that also constitutes information that is extremely confidential and/or sensitive in nature, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm and/or irreparable injury that could not be avoided by less restrictive means.

    2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

///

2.7  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8  House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9  Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11  Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.12  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

///

3.  SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.  DURATION

4.1    Once a case proceeds to trial, information that was designated as CONFIDENTIAL, CONFIDENTIAL – ATTORNEYS' EYES ONLY, or maintained pursuant to this Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this Order do not extend beyond the commencement of the trial as to such Protected Material used or introduced as an exhibit at trial.

4.2    Except for those instances set forth in Section 4.1, even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

1  rehearings, remands, trials, or reviews of this action, including the time limits for

2  filing any motions or applications for extension of time pursuant to applicable law.

3  5.    DESIGNATING PROTECTED MATERIAL

4      5.1   Exercise of Restraint and Care in Designating Material for Protection.

5  Each Party or Non-Party that designates information or items for protection under this

6  Order must take care to limit any such designation to specific material that qualifies

7  under the appropriate standards.  The Designating Party must designate for protection

8  only those parts of material, documents, items, or oral or written communications that

9  qualify so that other portions of the material, documents, items, or communications

10  for which protection is not warranted are not swept unjustifiably within the ambit of

11  this Order.

12      Mass, indiscriminate, or routinized designations are prohibited.  Designations

13  that are shown to be clearly unjustified or that have been made for an improper

14  purpose (e.g., to unnecessarily encumber the case development process or to impose

15  unnecessary expenses and burdens on other parties) may expose the Designating Party

16  to sanctions.

17      If it comes to a Designating Party's attention that information or items that it

18  designated for protection do not qualify for protection, that Designating Party must

19  promptly notify all other Parties that it is withdrawing the inapplicable designation.

20      5.2   Manner and Timing of Designations.  Except as otherwise provided in

21  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

22  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

23  under this Order must be clearly so designated before the material is disclosed or

24  produced.

25      Designation in conformity with this Order requires:

26      (a)  for information in documentary form (e.g., paper or electronic documents,

27  but excluding transcripts of depositions or other pretrial or trial proceedings), that the

28

7

STIPULATED PROTECTIVE ORDER

Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "CONFIDENTIAL – AEO" (hereinafter "CONFIDENTIAL – AEO legend") to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "CONFIDENTIAL – AEO legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    for testimony given in deposition, all deposition transcripts will be treated as if CONFIDENTIAL – ATTORNEYS' EYES ONLY for a period of thirty (30) days after the transcript is available from the court reporter, unless all Parties agree on the record at the deposition that the deposition is not confidential. Counsel for any Party may designate the deposition transcript, or portions thereof, as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY during the deposition or during the thirty (30) day period after the transcript is available. Any material marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

EYES ONLY attached to a deposition does not lose its protected status just because it is attached as an exhibit to the deposition

(c) for testimony given in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the hearing or other proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the hearing or other proceeding or up to thirty (30) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information   is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – AEO."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

1   efforts to assure that the material is treated in accordance with the provisions of this

2   Order.

3   6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

4        6.1   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a

5   designation of confidentiality at any time that is consistent with the Court's

6   Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality

7   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

8   economic burdens, or a significant disruption or delay of the litigation, a Party does

9   not waive its right to challenge a confidentiality designation by electing not to mount

10  a challenge promptly after the original designation is disclosed.

11       6.2   <u>Meet and Confer</u>.   The Challenging Party will initiate the dispute

12  resolution process under Local Rule 37-1 *et seq*.

13       6.3   <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a

14  joint stipulation pursuant to Local Rule 37-2.

15       6.3   The burden of persuasion in any such challenge proceeding will be on

16  the Designating Party.  Frivolous challenges, and those made for an improper purpose

17  (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

18  expose the Challenging Party to sanctions.  Unless the Designating Party has waived

19  or withdrawn the confidentiality designation, all parties will continue to afford the

20  material in question the level of protection to which it is entitled under the Producing

21  Party's designation until the Court rules on the challenge.

22  7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

23       7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

24  disclosed or produced by another Party or by a Non-Party in connection with this

25  Action only for prosecuting, defending, or attempting to settle this Action.  Such

26  Protected Material may be disclosed only to the categories of persons and under the

27

28

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   the Court and its personnel;

(d)   court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

    12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   Filing Protected Material.   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION

    After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, in whole or in part.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing

Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, in whole or in part. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: August 25, 2022          DONAHUE FITZGERALD LLP


By: */s/ Padmini Cheruvu*
    Andrew S. MacKay
    Padmini Cheruvu
    Attorneys for Plaintiff Wixen Music UK
    Ltd.

Dated: August 25, 2022          LAVELY & SINGER


By: */s/ Melissa Y. Lerner*
    Todd S. Eagan
    Melissa Y. Lerner
    Attorneys for Defendants Transparence
    Entertainment Group Inc., Dennis Dreith,
    Shari Hoffman, and Tania Oliveira

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all other signatories are listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: August 25, 2022          DONAHUE FITZGERALD LLP


By: */s/ Padmini Cheruvu*
Andrew S. MacKay
Padmini Cheruvu
Attorneys for Plaintiff Wixen Music UK Ltd.

STIPULATED PROTECTIVE ORDER

1     FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4     DATED:    08/25/2022                    /S/

                                                   HON. MICHAEL R. WILNER
5                                                   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Wixen Music UK Ltd. v. Transparence Entertainment Group Inc., et al.*, Case No. 2:21-cv-02663 ODW (MRWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER