O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIXEN MUSIC UK LTD., a UK limited corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>TRANSPARENCE ENTERTAINMENT GROUP INC., a California corporation; DENNIS DREITH, an individual; SHARI HOFFMAN, an individual; and TANIA OLIVEIRA, NÉE WOODCOCK, an individual; and Does 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:21-cv-02663-MEMF-MRW<br><br>**ORDER GRANTING SUMMARY JUDGMENT PURSUANT TO RULE 56(f)** |

    Before the Court are the parties' briefs regarding the Court's notice of intent to grant summary judgment in favor of Plaintiff on the trade secret status of its client names and contact information pursuant to Federal Rule of Civil Procedure 56(f). ECF Nos. 100, 101. For the reasons stated herein, the Court GRANTS SUMMARY JUDGMENT in finding that Plaintiff's client names and contact information qualify as protected trade secrets.

/ / /

/ / /

1

## I.     Factual & Procedural Background

Plaintiff Wixen Music UK Ltd. ("Wixen") and Defendant Transparence Entertainment Group Inc. ("TEG") are companies that administer music copyrights and collect royalties for their clients. Individual Defendants Dennis Dreith and Shari Hoffman founded TEG (collectively, the "TEG Defendants"). This case concerns Wixen's allegations that Individual Defendant Tania Oliveira ("Oliveira," and together with the TEG Defendants, ("Defendants")), a former Wixen employee, conspired with the TEG Defendants to misappropriate Wixen's trade secrets.

On August 3, 2023, Defendants filed a Motion for Summary Judgment on Wixen's remaining causes of action. ECF No. 77 ("MSJ"). The Court held a hearing on the MSJ on October 5, 2023, and issued an order granting the MSJ in part on October 10, 2023. ECF No. 94 ("MSJ Order"). In its MSJ Order, the Court explained that it appeared appropriate to grant summary judgment in favor of Wixen pursuant to Federal Rule of Civil Procedure 56(f) that the names and contact information of Wixen's clients qualify as protected trade secrets, and gave the parties and opportunity to respond in writing. MSJ Order at 16–17. The parties filed responsive briefing on this issue on November 8, 2023. ECF Nos. 100 ("Wixen Brief"), 101 ("TEG Brief").

## II.    Applicable Law

Under Federal Rule of Civil Procedure 56(f), a district court may sua sponte grant summary judgment if the parties have "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f); *KST Data, Inc. v. DXC Technology Company*, 980 F.3d 709, 714 (9th Cir. 2020). Specifically, the court may "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). "Sua sponte grants of summary judgment are only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'" *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).

/ / /

/ / /

/ / /

### III. Findings of Fact

The Court made detailed findings of fact in its Order on the Motion for Summary Judgment. *See* MSJ Order at 7–14. The Court will not repeat those findings here. No further findings of fact are necessary for this Order, and neither party requested any further findings of fact.

### IV. Discussion

In the MSJ, Defendants moved on the five categories of trade secrets that Wixen had identified as being protected trade secrets. These five categories of trade secrets underlie all three of Wixen's remaining causes of action—trade secret misappropriation under federal law, trade secret misappropriation under state law, and conspiracy to misappropriate. The only relevant category of trade secrets to the current Order is the category regarding the names and contact information of Wixen's clients and potential clients ("First Alleged Trade Secret"). To claim misappropriation, a plaintiff must prove that (1) it possessed a trade secret, (2) that the defendant misappropriated it, and (3) that the misappropriation caused damage. *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). In the MSJ Order, the Court stated that it was inclined to find that, based on the undisputed facts, the First Alleged Trade Secret satisfied this first element because it was something that had been specifically identified, has been reasonably protected by Wixen, and derives economic value from not being generally known. MSJ Order at 16.[1] Defendants argued as part of the MSJ that Wixen did not maintain a "specific, segregated list," but the Court noted that Wixen had submitted as an exhibit a specific client list. MSJ Order at n.14; ECF No. 86-4 ("Wixen Decl.") at 17-27 ("Client List").

In the TEG Brief, Defendants seek clarification on whether the First Alleged Trade Secret is the Client List specifically as it has been presented in the exhibit, or whether the First Alleged Trade

---

[1] To prove ownership of a trade secret, a plaintiff "must identify the trade secrets and carry the burden of showing that they exist." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993). "The plaintiff 'should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.'" *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998). Moreover, trade secrets are only subject to protection if (1) the owner has taken reasonable measures to keep such information secret, and (2) the information derives independent economic value from not being generally known. 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).

Secret encompasses Wixen's electronic database as a whole. TEG Brief at 4. However, Defendants appear to conflate the first two elements of misappropriation—whether something can be and is protected, which is distinct from what was actually misappropriated. The Court is making no finding on what was misappropriated, if anything. The Court is merely making a finding that the client information that Wixen possessed, in whatever form it may be, qualifies as a protected trade secret. In the TEG Brief, Defendants make no further arguments as to whether Wixen has taken reasonable measures to keep its client names and contact information secret, and whether such information derives economic value from not being generally known. The Court further finds that Wixen has met its burden in showing that it does maintain a database with client names and information, and this is sufficiently identified to be a trade secret. Therefore, the Court finds it appropriate to grant summary judgment that Wixen has met the first element of misappropriation specifically as to the First Alleged Trade Secret, in that it possessed information that qualifies as a trade secret.

## V. Conclusion

For the reasons stated herein, the Court hereby GRANTS summary judgment to Wixen and finds that its client names and contact information qualify as protected trade secrets.

IT IS SO ORDERED.

Dated: November 30, 2023

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge